T. LEE COMMANDER V. THE STATE.

No. 21019. Delivered May 1, 1940.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $150.00.

Upon searching the home of Harvey Commander officers found therein on a table some whisky glasses, a water glass, a pitcher of water, and an empty pint bottle with a few drops of whisky in it. They also found in the room two jugs with a few drops of whisky in them. In the front room they found a dresser drawer with a false bottom. An examination disclosed that the drawer contained five full half pints of whisky and two half pint bottles, which had "around one-third to one-half pint in them." They found no other whisky in the house. Following a trail from the house, one of the officers went to a point about 200 yeards away. At this point he discovered a gallon of whisky in a jug. It does not appear that appellant resided in the home of Harvey Commander, who was his brother. On the contrary, it was the testimony of appellant's father that appellant lived with him in another house. There was testimony upon the part of the State to the effect that prior to the search appellant had been seen to get a jug from a hog pen near the home of Harvey Commander. Also there was testimony to the effect that he had been seen to make deliveries of packages to people who would come to Harvey Commander's house in automobiles. Mrs. Harvey Commander was in her home at the time the officers instituted the search. Her husband was absent.

Testifying in his own behalf, appellant denied that he owned the whisky found by the officers. It was his version that he was merely visiting his brother's home for the purpose of reading "the Sunday funny papers." Appellant also denied that he had made any deliveries of whisky to parties coming to the house in automobiles. Again, he denied that he had any connection with the gallon jug of whisky found by the officers 200 yards away from Harvey Commander's home.

It is shown in bill of exception No. 1 that one of the searching officers testified upon direct-examination by the State as follows: "I found another gallon at the place I had been informed a gallon had been brought to the house by T. Lee (referring to appellant)." Appellant objected to the statement of the witness on the ground that it was hearsay. The objection was sustained, and the court instructed the jury to disregard such testimony. We think the statement of the witness was obviously prejudicial, and that the instruction of the court was not calculated to save appellant from harm. That the testimony was hearsay is obvious. In view of the fact that the issue as to whether appellant possessed the whisky found by the officers in the home of Harvey Commander was closely

contested, we would not feel warranted in holding that the bill of exception fails to reflect reversible error. The hearsay statement of the witness might have turned the scales against appellant and led the jury to the conclusion that appellant exercised care, management and control over the whisky the officers discovered in the home of Harvey Commander.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.